```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                                  Case No. 19-00221-HWV
Donell Talley                                                                           Chapter 13
Tammy Irene Talley
        Debtors                             CERTIFICATE OF NOTICE
District/off: 0314-1           User: REshelman              Page 1 of 3                  Date Rcvd: Mar 05, 2019
                               Form ID: pdf002              Total Noticed: 81


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Mar 07, 2019.
db/jdb         +Donell Talley,   Tammy Irene Talley,   5488 Kenwood Avenue,    Harrisburg, PA 17112-3082
5151918        +AES/M&T BANK,   PO BOX 2461,   HARRISBURG, PA 17105-2461
5151919        +AES/PNC,   PO BOX 2461,   HARRISBURG, PA 17105-2461
5151920        +ALLEGHENY GENERAL HOSPITAL,    PATIENT BILLING,   320 E NORTH AVENUE,
                 PITTSBURGH, PA 15212-4756
5151922         ALLIED INTERSTATE LLC,   12755 HIGHWAY 55 STE 300,    MINNEAPOLIS, MN 55441-4676
5151925        +American Consumer Credit Counseling, Inc,   130 Rumford Avenue, Ste 202,
                 Auburndale, MA 02466-1371
5151928         BERKHEIMER ASSOCIATES,   50 N SEVENTH STREET,   BANGOR, PA 18013-1795
5151929         BUREAU OF ACCOUNT MGMT,   3607 ROSEMONT AVE STE 502,    PO BOX 8875,    CAMP HILL, PA 17001-8875
5151931        +CBCS,   PO BOX 2724,   COLUMBUS, OH 43216-2724
5151932         CCB/BOSCOV,   BANKRUPTCY NOTICES,   PO BOX 183043,    COLUMBUS, OH 43218-3043
5151933        +CENTRAL MEDICAL EQUIPMENT,   DBA DYNAMIC HEALTHCARE SERVICES,    35 SARHELM ROAD,
                 HARRISBURG, PA 17112-3339
5151935        +CHARLES K FETTERHOFF, JR, DMD,   4231 ELMERTON AVENUE,    HARRISBURG, PA 17109-2394
5151938        +CITI,   PO BOX 6241,   SIOUX FALLS, SD 57117-6241
5151939        +COLL SVC CENTER,   PO BOX 1091,   HERMITAGE, PA 16148-0091
5151940        +COMCAST CABLE (BK Notices),    676 ISLAND POND ROAD,   MANCHESTER, NH 03109-4840
5151941         COML ACCEPT,   2300 GETTYSBURG RD, STE 102,   CAMP HILL, PA 17011-7303
5151943         COMM OF PA DEPT OF REVENUE,   BUREAU OF COMPLIANCE,   PO BOX 280946,
                 HARRISBURG, PA 17121-0946
5151944         COMMONWEALTH OF PA,    DEPARTMENT OF REVENUE,   BUREAU OF INDIVIDUAL TAXES,    DEPT 280432,
                 HARRISBURG, PA 17128-0432
5151945        +COMMONWEALTH OF PA,    BUREAU OF UC BENEFITS/ALLOWANCES,   PO BOX 67503,
                 HARRISBURG, PA 17106-7503
5151946        +COMPUTER CREDIT, INC,    CLAIM DEPT 083307,   640 W FOURTH STREET,    PO BOX 5238,
                 WINSTON SALEM, NC 27113-5238
5151949        +DAUPHIN COUNTY PRISON,   501 MALL ROAD,   HARRISBURG, PA 17111-1299,
                 ATTN: INMATE ACCOUNTS DEPT
5162949         ECMC,   PO Box 16408,   Saint Paul, MN 55116-0408
5151952        +EDITH MARSHALL,   116 EDEN WAY COURT,   CRANBERRY TOWNSHIP, PA 16066-6730
5151954        +FAMS,   PO BOX 451437,   ATLANTA, GA 31145-1437
5151955        +FEDLOAN SERVICING,   PO BOX 60610,   HARRISBURG, PA 17106-0610
5151956        +GOODYEAR/CBNA,   PO BOX 6497,   SIOUX FALLS, SD 57117-6497
5151957        +HAYT, HAYT & LANDAU,    123 S BROAD ST, STE 1660,   PHILADELPHIA, PA 19109-1003
5151961        +KEYSTONE COLLECTIONS GROUP,    546 WENDEL ROAD,   IRWIN, PA 15642-7539
5151963        +LOWER PAXTON TOWNSHIP AUTHORITY,    425 PRINCE STREET,   HARRISBURG, PA 17109-3053
5151965        +M & T BANK COLLECTIONS (p),    1100 WHERLE DRIVE,   WILLIAMSVILLE, NY 14221-7748
5151967        +M&T BANK MORTGAGE,    LENDING SERVICES CORRESPONDENCE ADDRESS,   PO BOX 1288,
                 BUFFALO, NY 14240-1288
5151972        +PATHOLOGY ASSOC OF CEN PA,   4520 UNION DEPOSIT ROAD,   HARRISBURG, PA 17111-2910
5151973        +PAXTON FAMILY DENTAL,   5690 ALLENTOWN BLVD #100,   HARRISBURG, PA 17112-4052
5151974       #+PENN CREDIT CORP,   916 S 14TH STREET,   HARRISBURG, PA 17104-3425
5151975        +QUEST DIAGNOSTICS,    C/O PATIENT BANKRUPTCY SERVICES,   PO BOX 740775,
                 CINCINNATI, OH 45274-0775
5151976         SANTANDER CONSUMER USA,   BANKRUPTCY DEPARTMENT,   PO BOX 560284,    DALLAS, TX 75356-0284
5151977        +SUEZ WATER PENNSYLVANIA,   CUSTOMER SERVICE CENTER,   8189 ADAMS DRIVE,
                 HUMMELSTOWN, PA 17036-8625
5151978        +Susquehanna Valley Surgery Center,   4310 Londonderry Rd, Suite #1,    Harrisburg, PA 17109-5302
5151982        +TAIRA KIYONA TALLEY,   5488 KENWOOD AVENUE,   HARRISBURG, PA 17112-3082
5151983        +THE ARLINGTON GROUP,    PO BOX 6507,   805 SIR THOMAS COURT,   HARRISBURG, PA 17109-4839
5151984        +THE CARRIAGE HOUSE,   PO BOX 125,   POCONO MANOR, PA 18349-0125
5151985        +TRISTAN RADIOLOGY SPECIALISTS PC,   4520 UNION DEPOSIT RD,    HARRISBURG, PA 17111-2910
5151986        +UNITED COLLECTION BUREAU INC,    5620 SOUTHWYCK BLVD SUITE 206,    TOLEDO, OH 43614-1501
5151987        +UPMC PINNACLE HEALTH HOSPITALS,    PO BOX 2353,   HARRISBURG, PA 17105-2353
5151988        +USDOE/GLELSI,   2401 INTERNATIONAL,   MADISON, WI 53704-3121
5151990        +WAYPOINT RESOURCE GROUP LLC,    PO BOX 8588,   ROUND ROCK, TX 78683-8588
5151991         WESTERN ALLIANCE BANK,   BILLING AND CORRESPONDENCE,   PO BOX 927830,
                 SAN DIEGO, CA 92192-7830
5151992         WF/BOBS,   CBDRU-PCM,   WINSTON SALEM, NC 27102
5165517         Wells Fargo Bank, N.A.,   PO Box 10438, MAC F8235-02F,   Des Moines, IA  50306-0438

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
5151921        +E-mail/Text: kristin.villneauve@allianceoneinc.com Mar 05 2019 19:34:24     ALLIANCE ONE,
                 4850 STREET RD SUITE 300,   TREVOSE, PA 19053-6643
5151923         E-mail/Text: bnc@alltran.com Mar 05 2019 19:34:49     ALLTRAN FINANCIAL LP,   PO BOX 722929,
                 HOUSTON, TX 77272-2929
5151924        +E-mail/Text: ally@ebn.phinsolutions.com Mar 05 2019 19:34:24     ALLY,   PO BOX 130424,
                 ROSEVILLE, MN 55113-0004
5151926        +E-mail/Text: ACF-EBN@acf-inc.com Mar 05 2019 19:34:24     ATLANTIC CREDIT & FINANCE,
                 3353 ORANGE AVENUE NE,   ROANOKE, VA 24012-6335
5151927        +E-mail/Text: bankruptcies@banfield.net Mar 05 2019 19:35:29     BANFIELD PET HOSPITAL,
                 18101 SE 6TH WAY,   VANCOUVER, WA 98683-7509
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center
(continued)

```
5151930        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 05 2019 19:41:18
               CAPITAL ONE (BANKRUPTCY NOTIFICATION) (p,    PO BOX 30285,    SALT LAKE CITY, UT 84130-0285
5151934       +E-mail/Text: dehartstaff@pamd13trustee.com Mar 06 2019 09:38:15     CHARLES J DEHART, III, ESQ.,
               8125 ADAMS DRIVE STE A,    HUMMELSTOWN PA 17036-8625
5151937        E-mail/Text: bankruptcycollections@citadelbanking.com Mar 05 2019 19:35:30     CITADEL FCU,
               520 EAGLEVIEW BLVD,   EXTON, PA 19341-1119
5151942        E-mail/Text: ra-li-ucts-bankhbg@state.pa.us Mar 05 2019 19:35:41     COMM OF PA DEPT L&I,
               READING B&C UNIT UTCS,    625 CHERRY ST ROOM 203,    READING, PA 19602-1152
5151947       +E-mail/PDF: creditonebknotifications@resurgent.com Mar 05 2019 19:41:57     CREDIT ONE BANK,
               PO BOX 98873,   LAS VEGAS, NV 89193-8873
5151948        E-mail/PDF: creditonebknotifications@resurgent.com Mar 05 2019 19:42:33     CREDITONE BANK,
               CUSTOMER BILLING AND CORRESPONDENCE,    PO BOX 98873,    LAS VEGAS, NV 89193-8873
5160214        E-mail/PDF: AIS.cocard.ebn@americaninfosource.com Mar 05 2019 19:41:48
               Capital One Bank (USA), N.A.,    by American InfoSource as agent,    PO Box 71083,
               Charlotte, NC 28272-1083
5151950        E-mail/Text: mrdiscen@discover.com Mar 05 2019 19:34:24     DISCOVER BANK,   12 READS WAY,
               NEW CASTLE, DE 19720
5151951       +E-mail/Text: bankruptcy.bnc@ditech.com Mar 05 2019 19:34:59     DITECH FINANCIAL LLC,
               BANKRUPTCY NOTICES,    1400 TURBINE DRIVE,    RAPID CITY, SD 57703-4719
5154312        E-mail/Text: mrdiscen@discover.com Mar 05 2019 19:34:24     Discover Bank,
               Discover Products Inc,    PO Box 3025,    New Albany, OH 43054-3025
5151953       +E-mail/Text: bknotice@ercbpo.com Mar 05 2019 19:35:19     ENHANCED RECOVERY CORP,
               8014 BAYBERRY RD,   JACKSONVILLE, FL 32256-7412
5151959        E-mail/Text: cio.bncmail@irs.gov Mar 05 2019 19:34:55     INTERNAL REVENUE SERVICE - CIO,
               PO BOX 7346,   PHILADELPHIA, PA 19101-7346
5151962        E-mail/Text: ktramble@lendmarkfinancial.com Mar 05 2019 19:34:20
               LENDMARK FINANCIAL SERVICES LLC,    ATTN: BK DEPT,    2118 USHER STREET NW,
               COVINGTON, GA 30014
5151964       +E-mail/PDF: resurgentbknotifications@resurgent.com Mar 05 2019 19:42:03     LVNV FUNDING LLC,
               BK NOTICES,   55 BEATTIE PL STE 110 MS576,    GREENVILLE, SC 29601-2165
5157230        E-mail/PDF: resurgentbknotifications@resurgent.com Mar 05 2019 19:42:06     LVNV Funding, LLC,
               Resurgent Capital Services,    PO Box 10587,    Greenville, SC 29603-0587
5151966        E-mail/Text: camanagement@mtb.com Mar 05 2019 19:35:00     M&T BANK,   1100 WEHRLE DRIVE,
               WILLIAMSVILLE, NY 14221
5151968       +E-mail/Text: unger@members1st.org Mar 05 2019 19:35:39     MEMBERS 1ST FCU,   5000 LOUISE DR,
               PO BOX 40,   MECHANICSBURG, PA 17055-0040
5151969       +E-mail/Text: bankruptcydpt@mcmcg.com Mar 05 2019 19:35:13     MIDLAND CREDIT MANAGEMENT, INC.,
               2365 NORTHSIDE DR, STE 300,    SAN DIEGO, CA 92108-2709
5151970       +E-mail/Text: bankruptcydpt@mcmcg.com Mar 05 2019 19:35:13     MIDLAND FUNDING LLC,
               2365 NORTHSIDE DR STE 300,    SAN DIEGO, CA 92108-2709
5166144       +E-mail/Text: bankruptcydpt@mcmcg.com Mar 05 2019 19:35:13     Midland Funding LLC,
               PO Box 2011,   Warren, MI 48090-2011
5151971        E-mail/Text: Bankruptcies@nragroup.com Mar 05 2019 19:35:42     NATIONAL RECOVERY AGENCY,
               PO BOX 67015,   HARRISBURG PA 17106-7015
5152131       +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Mar 05 2019 19:41:21
               PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5155269        E-mail/Text: RVSVCBICNOTICE1@state.pa.us Mar 05 2019 19:35:08
               Pennsylvania Department of Revenue,    Bankruptcy Division PO Box 280946,
               Harrisburg, PA 17128-0946
5151979        E-mail/PDF: gecsedi@recoverycorp.com Mar 05 2019 19:42:20     SYNCB/CARE,   BK NOTICES,
               PO BOX 965061,   ORLANDO, FL 32896-5061
5151980       +E-mail/PDF: gecsedi@recoverycorp.com Mar 05 2019 19:42:20     SYNCB/WALMART,   PO BOX 965024,
               ORLANDO, FL 32896-5024
5151981        E-mail/PDF: ais.tmobile.ebn@americaninfosource.com Mar 05 2019 19:41:41
               T-MOBILE BANKRUPTCY DEPT,    PO BOX 37380,    ALBUQUERQUE, NM 87176
5151989        E-mail/Text: wfmelectronicbankruptcynotifications@verizonwireless.com Mar 05 2019 19:34:21
               VERIZON BANKRUPTCY DEPT,    500 TECHNOLOGY DR, STE 550,    SAINT CHARLES, MO 63304-2225
                                                                                              TOTAL: 32

              ***** BYPASSED RECIPIENTS (undeliverable, * duplicate) *****
5151936         CHRIST GRANT
cr*            +PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5151960*        IRS CENTRALIZED INSOLVENCY ORGANIZATION,     PO BOX 7346,    PHILADELPHIA, PA 19101-7346
5151958        ##IC SYSTEM,    444 HIGHWAY 96 EAST,    PO BOX 64794,    ST PAUL, MN 55164-0794
                                                                                 TOTALS: 1, * 2, ## 1
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '#' were identified by the USPS National Change of Address system as requiring an update.
While the notice was still deliverable, the notice recipient was advised to update its address with the court
immediately.

Addresses marked '##' were identified by the USPS National Change of Address system as undeliverable. Notices
will no longer be delivered by the USPS to these addresses; therefore, they have been bypassed. The
debtor's attorney or pro se debtor was advised that the specified notice was undeliverable.

```
          ***** BYPASSED RECIPIENTS (continued) *****
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Mar 07, 2019                                          Signature: /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

```
The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on March 5, 2019 at the address(es) listed below:
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              Dorothy L Mott    on behalf of Debtor 2 Tammy Irene Talley DorieMott@aol.com,
               KaraGendronECF@gmail.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              Dorothy L Mott    on behalf of Debtor 1 Donell  Talley DorieMott@aol.com,
               KaraGendronECF@gmail.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              James   Warmbrodt    on behalf of Creditor   M&T BANK bkgroup@kmllawgroup.com
              Kara Katherine Gendron    on behalf of Debtor 1 Donell  Talley karagendronecf@gmail.com,
               doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              Kara Katherine Gendron    on behalf of Debtor 2 Tammy Irene Talley karagendronecf@gmail.com,
               doriemott@aol.com;mottgendronecf@gmail.com;bethsnyderecf@gmail.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                          TOTAL: 7
```

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 13
DONELL TALLEY :
: CASE NO. 1:19-bk-00221
TAMMY IRENE TALLEY :
: ☒ ORIGINAL PLAN
Debtor(s) :
: ☐ AMENDED PLAN (indicate 1ST, 2ND, 3RD, etc.)
:
: ☐ 0 Number of Motions to Avoid Liens
:
: ☐ 0 Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☒ Included | ☐ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ 0 Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase-money security interest, set out in § 2.G. | ☐ 0 Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**1. PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>Plan Payments From Future Income</u>

     1. To date, the Debtor paid $ (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $14,100.00, plus other payments and property stated in § 1B below:

| Start mm/yy | End mm/yy | Plan Payment | Estimated Conduit Payment | Total Payment | Total Payment Over Plan Tier |
|---|---|---|---|---|---|
| 02/2019 | 01/2023 | $235.00 x 60 months | $ |  | $14,100.00 |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  | $ | $ |  | $ |
|  |  |  |  | Total Payments | $14,100.00 |

     2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

     3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

     4. CHECK ONE: ☐ Debtor is at or under median income. If this line is checked, the rest of § 1.A.4 need not be completed or reproduced.

         ☒ Debtor is over median income. Debtor calculates that a minimum of $ must be paid to allowed unsecured creditors in order to comply with the Means Test.

   B. <u>Additional Plan Funding From Liquidation of Assets/Other</u>

     1. The Debtor estimates that the liquidation value of this estate is $0.00. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)

Check one of the following two lines.
  ☒ No assets will be liquidated. If this line is checked, the rest of § 1.B need not be completed or reproduced.
  ☐ Certain assets will be liquidated as follows:

     2. In addition to the above specified plan payments, Debtor shall dedicate to the plan proceeds in the estimated amount of $ from the sale of property known and designated as _____ _____. All sales shall be completed by _____, 20____. If the property does not sell by the date specified, then the disposition of the property shall be as follows: _____.

     3. Other payments from any source(s) (describe specifically) shall be paid to the Trustee as follows:

## 2. SECURED CLAIMS

### A. Pre-Confirmation Distributions. *Check one*.

☒ None. If "None" is checked, the rest of § 2.A need not be completed or reproduced.

☐ Adequate protection and conduit payments in the following amounts will be paid by the debtor to the Trustee. The Trustee will disburse these payments for which a proof of claim has been filed as soon as practicable after receipt of said payments from the Debtor.

| Name of Creditor | Last Four Digits of Account Number | Estimated Monthly Payment |
|---|---|---|
| **NONE** | | $ |

    1. The Trustee will not make a partial payment. If the Debtor makes a partial plan payment, or if it is not paid on time and the Trustee is unable to pay timely a payment due on a claim in this section, the Debtor's cure of this default must include any applicable late charges.

    2. If a mortgagee files a notice pursuant to Fed. R. Bankr. P. 3002.1(b), the change in the conduit payment to the Trustee will not require modification of this plan.

### B. Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor. *Check one*.

☐ None. If "None" is checked, the rest of § 2.B need not be completed or reproduced. \

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| **ALLY** | **2017 Toyota Corolla 4D (approx. 20,000 miles)** | 9078 |
| **CITADEL FCU** | **2015 Jeep Wrangler Unl (approx. 40,000 miles)** | |
| **DITECH FINANCIAL LLC** | **5488 Kenwood Ave, Harrisburg, PA** | 8508 |
| **LOWER PAXTON TOWNSHIP AUTHORITY** | **5488 Kenwood Ave, Harrisburg, PA** | 1098 |
| **M&T BANK MORTGAGE** | **5488 Kenwood Ave, Harrisburg, PA** | 0847 |

### C. Arrears (Including, but not limited to, claims secured by Debtor's principal residence). *Check one*.

☒ None. If "None" is checked, the rest of § 2.C need not be completed or reproduced.

☐ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed proof of claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Post-petition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| **ALLY** | **2017 Toyota Corolla 4D (approx. 20,000 miles)** | Per allowed proof of claim $ 0.00 estimated | | Per allowed proof of claim |
| **CITADEL FCU** | **2015 Jeep Wrangler Unl (approx. 40,000 miles)** | Per allowed proof of claim $ 0.00 estimated | | Per allowed proof of claim |
| **DITECH FINANCIAL LLC** | **5488 Kenwood Ave, Harrisburg, PA** | Per allowed proof of claim $ 0.00 estimated | | Per allowed proof of claim |
| **LOWER PAXTON TOWNSHIP AUTHORITY** | **5488 Kenwood Ave, Harrisburg, PA** | Per allowed proof of claim $ 359.70 estimated | | Per allowed proof of claim |
| **M&T BANK MORTGAGE** | **5488 Kenwood Ave, Harrisburg, PA** | Per allowed proof of claim $ 0.00 estimated | | Per allowed proof of claim |

**D. Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**
☒ None. If "None" is checked, the rest of § 2.D need not be completed or reproduced.

☐ The claims below are secured claims for which a § 506 valuation is not applicable, and can include: (1) claims that were either (a) incurred within 910 days of the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor, or (b) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value; (2) conduit payments; or (3) secured claims not provided for elsewhere.

1. The allowed secured claims listed below shall be paid in full and their liens retained until retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under §1328 of the Code.

2. In addition to payment of the allowed secured claim, present value interest pursuant to 11 U.S.C. §1325(a)(5)(B)(ii) will be paid at the rate and in the amount listed below, unless an objection is raised. If an objection is raised, then the court will determine the present value interest rate and amount at the confirmation hearing.

3. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Principal Balance of Claim | Interest Rate | Total to be Paid in Plan |
|---|---|---|---|---|
| **NONE** | | | | |

**E. Secured claims for which a § 506 valuation is applicable**. *Check one.*
   ☒   None. If "None" is checked, the rest of § 2.E need not be completed or reproduced.

   ☐   Claims listed in the subsection are debts secured by property not described in § 2.D of this plan. These claims will be paid in the plan according to modified terms, and liens retained until the earlier of the payment of the underlying debt determined under nonbankruptcy law or discharge under § 1328 of the Code. The excess of the creditor's claim will be treated as an unsecured claim. Any claim listed as "$0.00" or "NO VALUE" in the "Modified Principal Balance" column below will be treated as an unsecured claim. The liens will be avoided or limited through the plan or Debtor will file an adversary action or other action (select method in last column). To the extent not already determined, the amount, extent or validity of the allowed secured claim for each claim listed below will be determined by the court at the confirmation hearing. Unless otherwise ordered, if the claimant notifies the Trustee that the claim was paid, payments on the claim shall cease.

| Name of Creditor | Description of Collateral | Value of Collateral (Modified Principal) | Interest Rate | Total Payment | Plan or Adversary Action |
|---|---|---|---|---|---|
| **NONE** | | | | | |

**F. Surrender of Collateral**. *Check one.*
☐ None. If "None" is checked, the rest of § 2.F need not be completed or reproduced.

☒ The Debtor elects to surrender to each creditor listed below the collateral that secures the creditor's claim. The Debtor requests that upon confirmation of this plan or upon approval of any modified plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under §1301 be terminated in all respects. Any allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 4 below.

| Name of Creditor | Description of Collateral to be Surrendered |
|---|---|
| **THE CARRIAGE HOUSE** | 1 week Carriage House Pocono Manor<br>Pursuant to §§1322(b)(8) and (9), title to the property located at 1 week Carriage House Pocono Manor shall vest in THE CARRIAGE HOUSE upon confirmation, and the confirmation order shall constitute a deed of conveyance of the property when recorded in the Recorder of Deeds for the County where the property is located. |

**G. Lien Avoidance. Do not use for mortgages or for statutory liens, such as tax liens**. *Check one.*
☒   None. If "None" is checked, the rest of § 2.G need not be completed or reproduced.

☐   The Debtor moves to avoid the following judicial and/or nonpossessory, nonpurchase money liens of the following creditors pursuant to § 522(f) (this § should not be used for statutory or consensual liens such as mortgages).

**3. PRIORITY CLAIMS.**

A. **Administrative Claims**

   1. <u>Trustee's Fees</u>. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.
   2. <u>Attorney's fees</u>. Complete only one of the following options:
      a. In addition to the retainer of $0.00 already paid by the Debtor, the amount of $4,000.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or
      b. $_____ per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. <u>Other</u>. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one of the following two lines.*
   ☒ None. If "None" is checked, the rest of § 3.A.3 need not be completed or reproduced.

   ☐ The following administrative claims will be paid in full

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | |

B. **Priority Claims (including, certain Domestic Support Obligations**
   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
| BERKHEIMER ASSOCIATES | $360.05 |
| COMMONWEALTH OF PA | $116.55 |
| IRS CENTRALIZED INSOLVENCY ORGANIZATION | $7,000.00 |
| KEYSTONE COLLECTIONS GROUP | $220.00 |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one of the following two lines.*
   ☒ If "None" is checked, the rest of § 3.C need not be completed or reproduced.

   ☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim. *This plan provision requires that payments in § 1.A. be for a term of 60 months (see 11 U.S.C. §1322(a)(4)).*

| Name of Creditor | Estimated Total Payment |
|---|---|
| NONE | |

4. **UNSECURED CLAIMS**
   A. **Claims of Unsecured Nonpriority Creditors Specially Classified**. *Check one of the following two lines.*
   ☒ None. If "None" is checked, the rest of § 4.A need not be completed or reproduced.

☐ To the extent that funds are available, the allowed amount of the following unsecured claims, such as co-signed unsecured debts, will be paid before other, unclassified, unsecured claims. The claim shall be paid interest at the rate stated below. If no rate is stated, the interest rate set forth in the proof of claim shall apply

| Name of Creditor | Reason for Special Classification | Estimated Amount of Claim | Interest Rate | Estimated Total Payment |
|---|---|---|---|---|
| **NONE** | | | | |

 B. All remaining allowed unsecured claims shall receive a pro-rata distribution of any funds remaining after payment of the other classes.

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one of the following two lines.*
☒ None. If "None" is checked, the rest of § 5 need not be completed or reproduced.

☐ The following contracts and leases are assumed (and arrears in the allowed claim to be cured in the plan) or rejected:

| Name of Other Party | Description of Contract or Lease | Monthly Payment | Interest Rate | Estimated Arrears | Total Plan Payment | Assume/ Reject |
|---|---|---|---|---|---|---|
| **NONE** | | | | | | |

**6. VESTING OF PROPERTY OF THE ESTATE.**
**Property of the estate will vest in the Debtor upon**
*Check the applicable line:*
☐ plan confirmation.
☐ entry of discharge.
☒ closing of case:

**7. DISCHARGE**: (Check one)
☒ The debtor will seek a discharge pursuant to § 1328(a).
☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION**:
If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.
Payments from the plan will be made by the Trustee in the following order:
Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Secured claims, pro rata.
Level 5: Priority claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: General unsecured claims.
Level 8: Untimely filed unsecured claims to which the debtor has not objected.

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.*

**9. NONSTANDARD PLAN PROVISIONS**

**Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)**

    (1) Claim amounts: The amounts of the claims listed in the plan and schedules are estimated amounts and are not admissions by the Debtors as to the amount(s) owed.

    (2) Property surrendered under Section 2 F. shall be surrendered in full satisfaction of creditors' claims.

    (3) Lien Releases.

        (a) Personal Property: Upon the satisfaction, completion of cramdown payment, or other discharge of a security interest in a motor vehicle, mobile home, or in any other personal property of this estate in bankruptcy for which ownership is evidenced by a certificate of title, the secured party shall within thirty (30) days after the entry of the discharge order or demand execute a release of its security interest on the said title or certificate, and mail or deliver the certificate or title and release to the Debtor or to the attorney for the Debtor. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

        (b) Real Property: Upon the, completion of cramdown payment, strip off, or other discharge of a security interest in real property, the secured party shall within sixty (60) days after the entry of the discharge order file a satisfaction piece or release of its security interest in the office of the Recorder of Deeds for the county in which the real estate is located. Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with this provision.

    (4) Confirmation of this Plan shall not bar the Debtor from:

        (a) filing objections to any claims;

        (b) amending his schedules to add a creditor who was omitted from his schedules and to amend this Plan to provide for the treatment of such creditor or any other creditor who failed to timely file a proof of claim;

        (c) seeking to avoid a lien under Section 522 of the Code or seeking the determination of the extent, validity and/or priority of any liens;

        (d) seeking a determination as to the dischargeability of any debt; or

        (e) selling any asset of his free and clear of liens and encumbrances.

.

/s/ Dorothy L. Mott, /s/ Kara K. Gendron
_____
Dorothy L. Mott, Kara K. Gendron
Attorneys for Debtor(s)


/s/ Donell Talley
Debtor


/s/ Tammy Irene Talley
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9